WALLER *v.* WALLER.

1. The trial judge was authorized by the evidence to award temporary alimony of $30 per month and $75 as attorney's fees.
2. The trial judge reduced the ne exeat bond from $500 to $400. This affords the plaintiff in error no ground for complaint; and the trial judge did not abuse his discretion in refusing to relieve the defendant altogether from the obligation to give bond, under the circumstances appearing in the record.

No. 4576. JULY 15, 1925.

Alimony, etc. Before Judge Custer. Dougherty superior court. September 20, 1924.

*A. E. Thornton,* for plaintiff in error. *T. S. Hawes,* contra.

RUSSELL, C. J. 1. Upon a review of the record in the light of the well-settled principle that the discretion of the trial judge as to the amount granted upon hearings for temporary alimony will not be controlled or disturbed unless it has been abused, we are satisfied that the trial judge did not err in either respect as to which complaint is made. The evidence authorized him to find that the defendant, who was earning $100 per month as a fireman in the City of Albany, left his wife in Bainbridge without any apparent reason for so doing. There was ample evidence that she was a faithful and dutiful wife, and that as long

as her health was good she contributed to the family treasure chest by her earnings as a dressmaker, and did not call upon her husband for assistance until her health had failed and she was in need. There was no evidence that she was ever asked by her husband to go with him to Albany; on the contrary, no opportunity seems to have been given her to do so. Regardless of the defendant's testimony, which conflicted in some points with the preponderance of the testimony in behalf of the wife, we think the discretion of the trial judge was properly exercised.

2. Counsel for plaintiff in error insists that the order requiring the defendant to give bond upon the application for ne exeat was error, and that an exoneretur should have been entered as to the bond and the defendant discharged therefrom. The defendant introduced testimony that he had declared to a number of his friends that he was not going to leave, but that he would stay and abide whatever might be the judgment of the court. The trial judge had before him the uncontradicted testimony as to the manner in which the defendant had previously left his wife at Bainbridge; and it sufficeth to say that if the defendant's determination to remain within the jurisdiction and abide the judgment of the court is as fixed and immovable as it appears from the testimony of his witnesses, the requirement as to the bond would do him no injury, for the risk of the securities upon the obligation would be exceedingly small.

*Judgment affirmed. All the Justices concur.*